IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DRUCILLA PAGE,                  *
       Plaintiff,
                            *

   vs.                          *  Case No. 8:14-cv-01508-DKC
                            *
SUPERVALU, INC.,
       Defendant.            *

******

## PLAINITFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE

Plaintiff, Drucilla Page ("Page"), by her undersigned attorneys, moves this Court in *limine* for an order excluding certain evidence from the trial of this action and in support thereof states as follows:

### I.    INTRODUCTION

On September 12, 2013, Plaintiff, Drucilla Page ("Page"), went to a Giant grocery store which is owned and operated by Defendant, Supervalu, Inc. ("Supervalu"). *See* the Deposition of Drucilla Page, relevant excerpts of which have been attached hereto as **EXHIBIT A**. As Page was walking past a sloped display case of unsealed grapes, she slipped on grapes that had fallen to the floor. *Id.* at 16:19-22, *see also* the Deposition of Emanuel K. Cheston, relevant excerpts of which have been attached hereto as **EXHIBIT B**. As a result of the fall, Page

sustained a crush injury to her left knee which required surgery. **EXHIBIT A** at 20:11-22, 21:1-8, 22:17-19.

On March 28, 2014, Plaintiff filed a Complaint against Supervalu in the Circuit Court for Prince George's County, Maryland alleging negligence. On May 6, 2014, Supervalu filed a Notice of Removal in the United States District Court for the District of Maryland.

It is anticipated that Defendant intends to offer evidence or elicit testimony at trial on the following topics:

1. Plaintiff's prior medical history;
2. Plaintiff's receipt of Medicare and Social Security Disability benefits; and
3. Plaintiff's prior civil lawsuit relating to a fall occurring on or about August 23, 2011.

As will be discussed below, these pieces of evidence are not relevant to any claims or defenses, constitute inadmissible hearsay and/or are prejudicial to Plaintiff and should be excluded.

## II.  ARGUMENT

Under the Federal Rules of Evidence, evidence must be relevant to be admissible. FED. R. EVID. 402 (2010). Rule 401 provides: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probably than it would without the evidence; and (b) the fact is of consequence in determining the

2

action." Even if a piece of evidence meets the standard of relevance set forth in Rule 402, it may be excluded under Rule 403 which provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403 (2010).

### A. Plaintiff's Prior Medical History

Plaintiff anticipates that Defendants will attempt to improperly introduce evidence and testimony regarding the fact that Plaintiff suffered from a right ankle fracture as a result of a fall occurring in several years prior to the accident and that she suffered from back pain which required surgery to repair. **EXHIBIT A** 8:19-22, 9:1-22, 10:1-22, 11:1-11. Defendants have not identified any medical expert on the subject of Plaintiff's prior or current medical conditions and injuries. In addition, there is no evidence in the record to suggest that Plaintiff was suffering from any physical impairment at the time of the accident which would have contributed to its occurrence. **EXHIBIT A** at 26:21-22, 27:1-15. Thus, evidence that Plaintiff suffered a fractured ankle and back pain several years prior to has no probative value on Defendant's liability for the accident

or the issue of damages and, as such, is not relevant under Rule 401.

Even if there was any probative value, this evidence could improperly give the jury the impression that Plaintiff's previous ankle fracture or back pain affected her on the day of the accident when there is no expert testimony to support such a conclusion. As such, evidence of Plaintiff's prior medical history is unfairly prejudicial to Plaintiff and likely to mislead the jury and should be excluded pursuant to Rule 401.

### B. Plaintiff's Receipt of Medicare and Social Security Disability Benefits.

Plaintiff anticipates that Defendant will present evidence regarding Plaintiff's receipt of Medicare and Social Security Disability benefits. Evidence of these benefits is not admissible under the "Collateral Source Rule". The Maryland Court of Appeals holds that an injured person can recover the full amount of his provable damages "regardless of the amount of compensation which the person has received for his injuries from sources unrelated to the tortfeasor." *Motor Vehicle Admin. v. Seidel*, 326 Md. 237, 253 (1992). The public policy behind the Collateral Source Rule is that "the wrongdoer should not receive a windfall because the plaintiff received a benefit from an independent source…" *Haischer v. CSX Transp., Inc.*, 381 Md. 119,

134 (2004) (internal citations omitted). Collateral source evidence is substantively inadmissible. *Id. See also Titan Custom Cabinet, Inc. v. Advance Contracting, Inc.*, 178 Md. App. 209, 226 (2008); Restatement (Second) of Torts § 920A (1979).

Evidence of Plaintiff's receipt of Medicare and Social Security Disability benefits constitutes collateral source evidence because the benefits are from a source unrelated to Defendant. Therefore such evidence should be excluded.

### C. Plaintiff's Prior Civil Lawsuit.

Plaintiff anticipates that Defendant will present evidence regarding a prior claim she filed as a result of a fall occurring on or about August 23, 2011 at a Giant grocery store. **EXHIBIT A** 8:19-22, 9:1-22, 10:1-22, 11:1-11. No evidence was developed during discovery that the prior claim is in any way related to the claims and defenses at issue in this proceeding. In addition, there is no evidence in the record to suggest that Plaintiff was suffering from any physical impairment at the time of the accident which would have contributed to its occurrence. **EXHIBIT A** at 26:21-22, 27:1-15. Therefore, evidence of the prior claim is both irrelevant and prejudicial and should be excluded.

### III. CONCLUSION

Wherefore, Plaintiff, Drucilla Page, respectfully requests that the Court preclude Defendant from offering as evidence the documents and information set forth above.

Respectfully submitted,

_____/s/_____
Thomas C. Costello (Fed. Bar No. 22978)
Anne L. Preston (Fed Bar No. 29639)
Matthew T. Holley (Fed Bar No. 19001)
Costello Law Group
409 Washington Avenue
Suite 410
Towson, Maryland 21204
(410) 832-8800

Attorneys for Plaintiff,
Drucilla Page

...

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of January, 2016 a copy of the foregoing was electronically filed, and was served via CM/ECF system upon:

>Christopher R. Dunn
>DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
>17251 Melford Boulevard, Suite 200
>Bowie, Maryland 20715
>
>Attorney for Defendant

                                                              /s/
                                       Matthew T. Holley